# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LISA BROWN-RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-5048-CV-SW-RED |
| | ) | |
| INNOVATIVE INDUSTRIES, INC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 24). Defendant Innovative Industries, Inc. ("Defendant") moves to dismiss both claims filed by Plaintiff Lisa Brown-Ramsey ("Plaintiff") in this matter. Count I concerns gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and Count II concerns gender discrimination under the Missouri Human Rights Act ("MHRA"). For the reasons discussed below, the Court enters summary judgment in Defendant's favor which disposes of all claims in this matter.[1]

## STANDARD

On a motion for summary judgment, a court must view the record in a light most favorably to the nonmoving party. *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1026-27 (8th Cir. 2010). Summary judgment is appropriate where "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

---

[1] The Court notes that claims under Title VII and claims under the MHRA are subject to the same analysis and as such, the reasons supporting summary judgment in Defendant's favor for Plaintiff's Title VII claim also apply and warrant summary judgment in Defendant's favor for Plaintiff's MHRA claim. *See Wittenburg v. Am. Express Fin. Advisors, Inc.*, 464 F.3d 831, 842 n.16 (8th Cir. 2006).

**INTRODUCTION**

Before discussing the issues raised by Defendant's Motion, the Court initially notes that Defendant moved for summary judgment on December 17, 2010 and Plaintiff failed to oppose the Motion, which prompted the Court to order Plaintiff to show cause (Order to Show Cause Doc. 26) as to why summary judgment should not be entered in Defendant's favor. Plaintiff eventually responded to the Show Cause Order and the Court, satisfied with Plaintiff's response (Response to Order to Show Cause Why Summary Judgment Should Not be Entered Doc. 29), allowed Plaintiff the opportunity to file opposition to Defendant's Motion. The Court's Order (Doc. 30) directed Plaintiff to file a response to Defendant's Motion while also reminding Plaintiff that her response must comply with Fed. R. Civ. P. 56 and L.R. 56.1, as both rules set forth certain requirements parties must meet when briefing issues at the summary judgment stage. Plaintiff, however, did not file any opposition to the Motion like the Court requested. Plaintiff instead indicated to the Court that she intended her response to the Show Cause Order to serve as her opposition to Defendant's Motion.

As Plaintiff is relying on her response to the Show Cause Order to serve as opposition to the summary judgment motion, pursuant to L.R. 56.1[2], Plaintiff is considered to have admitted every fact, except for one[3], listed by Defendant because Plaintiff did not specifically controvert Defendant's listed facts. *Id*. *See also Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006)

---

[2] L.R. 56.1(a) provides that a party opposing summary judgment shall set forth each fact in dispute "in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed." If the opposing party does not specifically controvert any fact set forth by the movant, any fact not controverted is deemed admitted. *Id*.

[3] As will be more fully explained below, Plaintiff purports to dispute the fact that when she allowed a non-employee to use a work-site telephone, such a use was unauthorized.

(recognizing that a district court does not abuse its discretion when it considers facts admitted pursuant to L.R. 56.1(a); *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1033 (8th Cir. 2007) (same under similar Iowa local rule provision); *Hogan v. United Parcel Serv.*, 648 F. Supp. 2d 1128, 1131 n.1 (W.D. Mo. 2009) (admitting facts not specifically controverted). Based on the above discussion, the Court will now set forth only the pertinent facts necessary, which are uncontroverted save for the dispute over the use of the phone, to resolving the issues raised in the summary judgment briefings.

**FACTS**

Plaintiff began working for Defendant on June 9, 2007 when she was hired by the General Manager Larry Lloyd ("Larry"). Defendant provides employment opportunities for mentally and physically disabled adults and the relevant employment opportunity at issue comes from Defendant's contract with the Missouri Department of Transportation ("MoDOT") to keep certain rest areas clean. While Plaintiff was employed with Defendant, one of Defendant's contracts with MoDOT called for Defendant to keep the rest areas in Halltown, Missouri clean. The Halltown rest areas consisted of locations on both the eastbound and westbound sides of Interstate 44. While Plaintiff was employed with Defendant, Plaintiff was assigned to the rest areas in Halltown, Missouri. Plaintiff was initially hired as a summer supervisor, but was later promoted to lead supervisor in December, 2007. Larry decided to demote Plaintiff from lead supervisor to weekend supervisor, a part-time position consisting of the same rate of pay, on September 24, 2008. Plaintiff did not accept Larry's decision to move her to a weekend supervisor position and she quit. Plaintiff was ultimately replaced by Dave Roberts ("Dave"), a male who was already employed as a summer supervisor.

Larry provides five reasons he decided to move Plaintiff from her position as lead supervisor,

3

which are:

> a. [Larry] received complaints about Plaintiff from Tom Pitt, a long-time disabled attendant who worked with her;
> b. [Larry] believed Plaintiff's treatment of [Robin] Huffman ("Robin")[4] was unprofessional, inappropriate, over-the-top and threatening;
> c. [Larry] received complaints about Plaintiff's communications from Mendi Allgood, the MoDOT representative assigned to the Halltown rest area;
> d. [Larry] believed Plaintiff failed to follow directions when she allowed a non-employee to use the phone at the rest area; and
> e. Plaintiff had a close relationship with Larry Sunby, who was terminated for inappropriate behavior and then arrested for stalking and threatening Allgood.
> (Larry Affidavit Ex. 2 p. 2).

With respect to reason b, the record contains emails sent by Plaintiff, which Larry believes became increasingly critical of Robin and which he believes were inappropriate and became increasingly 'threatening.' With respect to reason c, Mendi Allgood, a supervisor with MoDot, complained that Plaintiff would send her emails that "were filled with complaints about [Plaintiff's] coworkers and about MoDOT, and Allgood did not want to receive them." (Larry Affidavit Ex. 2 p. 2). Finally, with respect to reason d, Larry explained that in addition to allowing a non-employee to use the work-site phone, Plaintiff also had pizza with a coworker and the coworker's boyfriend and as such, Plaintiff did not follow instructions. While Plaintiff claims that reasons a, b, c, and e were additional reasons made up by Defendant after Plaintiff resigned, Plaintiff did not dispute the truth of the underlying facts that supported these reasons.

Plaintiff never asked and Defendant never specified to Plaintiff why he decided to remove her from a lead supervisor position or why Dave ultimately replaced Plaintiff. However, Dave replaced Plaintiff as lead supervisor because Dave was the only supervisor at Halltown available to work full-time as a lead supervisor, as the other supervisors at Halltown, Robin, Faith Stapp and

---

[4] Robin was employed with Defendant as a weekend supervisor.

4

Kenny Hayter, all had secondary employment during the week and thus were not able to work as a lead supervisor, and Larry also believed Dave was qualified.

**DISCUSSION**

There are two ways for Plaintiff to survive Defendant's summary judgment motion. Plaintiff can either present direct evidence of discrimination, which she clearly has not presented in this case, or Plaintiff can create "an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007). Under the second method, Plaintiff must first meet her burden of showing a prima facie case of gender discrimination. *Id*. As part of Plaintiff's prima facie claim for gender discrimination, Plaintiff must show she "(1) is a member of a protected class; (2) was qualified for her job; (3) suffered an adverse employment action; and (4) alleged facts that give rise to an inference of gender discrimination." *Norman v. Union Pac. R.R. Co.*, 606 F.3d 455, 460-61 (8th Cir. 2010). Once Plaintiff meets this burden, Defendant must offer evidence of legitimate, nondiscriminatory reasons concerning its actions. *McGinnis,* 496 F.3d at 873. If Defendant meets its burden, the burden shifts back to Plaintiff to show Defendant's reasons were "a mere pretext for discrimination." *Qamhiyah v. Iowa State Univ. of Sci. & Tech.*, 566 F.3d 733, 746 (8th Cir. 2009).

Defendant limits the basis for which it moves for summary judgment to the fact that it had legitimate, nondiscriminatory reasons for demoting Plaintiff from a full-time position of lead supervisor to a part-time position of weekend supervisor and Plaintiff cannot show Defendant's reasons were really pretext for unlawful discrimination. Plaintiff, in her brief response, raises two points. First, Plaintiff argues that every reason provided by Defendant, except for reason d, are new reasons that Defendant failed to articulate at an appeal hearing for Plaintiff's claim for benefits with

5

the Missouri Division of Employment Security, and thus are 'rationalizations' given after the suit began. Second, Plaintiff argues that with respect to reason d, there is a genuine issue of material fact regarding whether this reason is a pretext for discrimination because Plaintiff claims the use of the phone was an authorized use.

The Court notes that Plaintiff may show pretext by showing that Defendant did not follow its own policies, Defendant "treated similarly-situated employees in a disparate manner," or Defendant "made substantial changes over time in its proffered reason[s]" for demoting Plaintiff. *Arnold v. Nursing & Rehab. Ctr. at Good Shepherd, LLC.*, 471 F.3d 843, 847 (8th Cir. 2006). Based on Plaintiff's articulation of her two reasons above, the Court construes Plaintiff's two arguments as claims that Defendant's reasons for demoting Plaintiff have substantially changed over time and that Defendant did not follow its own policies.

Turning to the issue of pretext, the Court notes the relevance of the Supreme Court's reasoning that in the pretext context, the "ultimate question is whether the employer intentionally discriminated, and proof that 'the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason ... is correct.' " *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)). The Court further explained that " '[i]t is not enough ... to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination.' " *Id*. at 147 (quoting *Hicks*, 509 U.S. at 519). *See also Dixon v. Pulaski Cnty. Special Sch. Dist.*, 578 F.3d 862, 872-73 (8th Cir. 2009) (incorporating the Supreme Court's reasoning above and entering summary judgment). This case in particular is a clear example of the fact that even if we assume that Defendant's reasons for its actions are not to be believed, nothing

6

in the record shows its reasons are a pretext for unlawful discrimination.[5] The alleged discrimination in this case arises from the fact that Plaintiff was demoted and replaced by Dave, a male coworker. However, as noted above, Plaintiff has admitted that the reason Dave replaced Plaintiff as lead supervisor was due to the fact that he was the only supervisor able to take over the position. Out of the three other possible candidates, two were female and all three candidates had secondary employment preventing them from acting as lead supervisor. Regardless of the reasons now offered by Defendant as to why Plaintiff was demoted and whether they are to be believed or not, the reason a male coworker replaced Plaintiff was due to the fact that he was the only supervisor able to do so. Plaintiff offers no other evidence to suggest the reasons were pretext for discrimination.[6] Therefore,

---

[5] As stated previously, the facts that support the stated reasons are undisputed, so there is no reason to not believe the content of the stated reasons. Plaintiff's argument, therefore, is limited to the timing of when these reasons were first articulated. It is clear that the matters raised in these reasons would cause an employer to be concerned.

[6] Defendant opted not to challenge Plaintiff's ability to establish a prima facie case of discrimination, however, the Court believes that based on the record Plaintiff would not have been able to do so, which goes against her ability to show pretext. *See Dixon*, 578 F.3d at 873 (recognizing that a weak prima facie case combined with other insufficient evidence of discriminatory animus warrants summary judgment). Plaintiff testified at her deposition that she believed she was replaced by Dave for four reasons, but only three have anything at all to do with gender. *See* Plaintiff Depo. Ex. 1 p. 64-72. First, Plaintiff testified that Defendant only employed one other female supervisor, yet throughout her deposition she discusses numerous other female supervisors employed by Defendant, undermining her allegation. Second, Plaintiff testified that Larry is bisexual and likes to "keep males around him" but that she has no proof to support her claim. Plaintiff's unsupported contention is insufficient at the summary judgment stage. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 809 (8th Cir. 2003). Finally, a third reason was that Dave needed a full-time job to pay for a new house and car and told Larry and others about his situation. The Court finds that such a reason by itself does not show any gender based animus. *See Wittenburg* 464 F.3d at 841 (finding statement by the hiring supervisor that a male employee was hired because he was unemployed for 10 months and further that the supervisor talked about the employee's family, which the plaintiff contended showed the supervisor favored "male breadwinners", was "lacking" as proof of gender discrimination). Furthermore, Plaintiff admitted that Larry, the person who demoted Plaintiff and promoted Dave, was never told by Dave about any request or reasons thereof Dave allegedly desired a full-time job. Also worth

7

summary judgment is appropriate.[7]

## CONCLUSION

For the reasons above, the Court enters summary judgment in Defendant's favor on Counts I and II in Plaintiff's Complaint and as a result, no claims remain live. Defendant's Motion for Summary Judgment (Doc. 24) is **GRANTED** and the Joint Motion for Continuance of Trial Setting (Doc. 35) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATE: April 4, 2011    /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

---

noting is that Larry, the person who hired Plaintiff, was also the person who demoted Plaintiff, which supports that Larry was not motivated to discriminate against Plaintiff because of her gender. *Clark v. Johanns*, 460 F.3d 1064, 1068 (8th Cir. 2006). The Court is not aware nor been directed to any other evidence of gender based animus in the record.

[7] The last point the Court wishes to briefly raise is that Plaintiff's attempt to show pretext is weak at best. The Court disagrees that Defendant's reasons have substantially changed over time as Plaintiff was not provided, nor asked for, any reasons concerning why she was demoted and during the hearing before the Missouri Division of Employment Security, Larry was never specifically asked to provide every reason he relied upon when he decided to demote Plaintiff. Second, although there is a factual dispute as to whether the work-site phone use was an authorized use or against Defendant's instruction, in light of the other evidence and due to the reasons in this Opinion, the factual dispute does not rise to the level of a genuine issue of material fact in dispute. *See Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 522 (8th Cir. 2010).